UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\---------------------------------------------------------------- x

MICHAEL KAGAN and IRIS KAGAN,

              Plaintiff,

   - against -

SANDS BROTHERS & CO., LTD.,

              Defendant.

\---------------------------------------------------------------- x

   :   05 CV 8889 (PAC)

   :   **OBJECTIONS TO SUBPOENA**

SIRS:

     PLEASE TAKE NOTICE that Goodkind Labaton Rudoff & Sucharow, LLP, now known as Labaton Sucharow & Rudoff, LLP, (hereinafter "LSR"), pursuant to F.R.C.P. 45(c,) hereby objects to the Subpoena Duces Tecum served upon LSR in the captioned matter on the following grounds:

    1.    Production of the materials requested would violate the Confidentiality Agreement dated October 10, 2005 and "So Ordered" by Hon. Harold Baer, Jr. of this Court on October 21, 2005, in the case of <u>Jay Hoge v. Harbor Consultants Ltd., etc.</u> (05 CV 3849 (HB)) (the "Hoge Action"), a copy of which is annexed as Exhibit A.

    2.    Production of the materials requested would violate the Confidentiality Agreement dated January ____, 2005, executed in connection with supplementary proceedings conducted in this Court under the caption Jay Hoge v. Sands Brothers & Co., Ltd. (18 MS 302)(the "Supplemental Proceedings"), a copy of which is annexed as Exhibit B.

3.      Pursuant to a Settlement Agreement entered into in the Hoge Action, the foregoing remain in full force and effect and LSR is obligated to return all discovery materials to counsel for Harbor. (The relevant portions are annexed as Exhibit C.)

4.      Jay Hoge, an individual represented by LSR, previously obtained a judgment against Sands Brothers & Co., Ltd and one Stephen Soler in the sum of $3,166,000. The documents sought pursuant to the subpoena herein are the result of extensive efforts by LSR on behalf of its client to collect the judgment. Those efforts include, inter alia, the conduct of extensive Supplemental Proceedings and the commencement of the Hoge Action in this Court seeking to set aside certain transfers as being in fraud of creditors. In the Supplemental Proceedings, LSR served numerous information subpoenas and subpoenas duces tecum on the judgment debtors and third-parties. As a result of those efforts, numerous documents were provided to LSR. In addition, three depositions were taken during the course of the Supplemental Proceedings. LSR then commenced the Hoge Action against Sands Brothers and Co., Ltd, a related entity, and Martin and Steven Sands personally. That action was heavily litigated and discovery was sought from the defendants and third-parties. The discovery requests were contested and the parties appeared before Magistrate Judge Pitman on three separate occasions with respect to discovery issues. In addition, a subpoena was served on the NASD seeking various documents, and a motion to compel was required to obtain production of approximately 17,000 pages of documents from the NASD (as well as numerous tapes containing e-mails and other materials). The cost of copying these materials, which was approximately $3,000, was paid by Mr. Hoge. In addition, as the result of the efforts of LSR, defendants produced numerous documents. These included business records, corporate records and minutes, trust instruments, tax returns, agreements, and documents filed with public

authorities such as the SEC and the NASD. LSR and Hoge's California counsel, Aidikoff, Uhl & Bakhtiari, independently obtained, from numerous sources, including the NASD and the SEC, extensive documents and records. Many of these required the expenditure of funds to obtain copies. Those documents have been produced to defendants pursuant to discovery requests made in the Hoge Action. In addition, the discovery provided by Mr. Hoge includes the trial transcript and exhibits of the underlying NYSE arbitration pursuant to which Mr. Hoge obtained his judgment, and many personal documents pertaining to Mr. Hoge. The are well over 20,000 pages of material that fall within the scope of the subpoena herein. The discovery sought by the Subpoena herein is an attempt to obtain, with no effort or cost, the fruits of the discovery obtained by LSR on behalf of its client in the Supplemental Proceedings and the Hoge Action. That discovery resulted from the labors of counsel and the monies expended by Mr. Hoge. It is estimated that the cost of that discovery (in terms of disbursements and time charges) exceeds $50,000. Counsel for plaintiff herein should not be permitted to piggy-back on the effort and expense incurred in the Hoge Action and the Supplemental Proceeding and obtain this material without cost. Counsel can and should obtain appropriate discovery as a result of his own efforts.

Dated: April 5, 2006

Labaton Sucharow & Rudoff LLP

By: _____

Joseph H. Einstein  (JE-9872)
100 Park Avenue
New York, NY 10017
212-907-0700

- 3 -

TO:    Bruce A. Schoenberg
420 Lexington Avenue
New York, New York 10170
(212) 986-4888

David Cohen
575 Madison Avenue
New York, New York 10022
(212) 665-0404

Cirino M. Bruno, Esq.
Gusrae Kaplan Bruno & Nusbaum, PLLC
120 Wall Street
New York, New York 10005-3977
(212) 269-1400

Alan C. Trachtman, Esq.
Healy & Baillie, LLP
61 Broadway
New York, New York 10006-2834
(212) 709-9251

Martin P. Russo, Esq.
Kuzman Eisenberg Corbin Lever
  & Goodman, LLP
675 Third Avenue, 18th Fl.
New York, New York 10017
(914) 285-9800

Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAY HOGE,

Plaintiff,

CASE NO.: 05 CV 3849 (HB)

-against-

HARBOR CONSULTANTS LTD., formerly known
as SANDS BROTHERS & CO. LTD., LAIDLAW &
CO. (UK), LTD., formerly known as SANDS
BROTHERS INTERNATIONAL LTD., STEVEN
SANDS and MARTIN SANDS,

Defendants.

---

## CONFIDENTIALITY AGREEMENT

WHEREAS, this Confidentiality Agreement ("Confidentiality Agreement"),
voluntarily entered into by and among Jay Hoge ("Plaintiff") and Harbor Consultants
Ltd., Laidlaw & Co. (UK), Ltd., Steven Sands and Martin Sands ("Defendants") parties
to the above-captioned action (the "Action") and various persons and/or entities as set
forth herein, are engaged in the production of documents and information within the
Action ("Discovery");

WHEREAS, it will be necessary to reveal confidential and/or proprietary
documents and/or information of Defendants and/or Plaintiff during the course of
Discovery;

WHEREAS, any document and all information previously exchanged or to be exchanged by or among the parties in Discovery shall be deemed confidential unless specifically designated otherwise;

WHEREAS, the parties wish to protect against the disclosure and dissemination of such Discovery to unauthorized third parties or the public at large and to prevent the use of such Discovery for any purpose unrelated to this Action;

IT IS STIPULATED AND AGREED, by and between the parties, that the following provisions shall govern the handling of Discovery throughout the proceedings in this Action and thereafter;

1.     This Confidentiality Agreement covers the production and use of all Discovery.

2.     (a)     Discovery material produced in the course of discovery either formally or informally by Defendants and/or Plaintiff shall be deemed Confidential Information.

(b)     Discovery material shall be retained by the parties' respective counsel and, except by express written agreement with counsel that produced Discovery, shall not be disclosed to any person except those specified in paragraph 3 hereof, and shall be used by any recipient authorized by the Confidentiality Agreement to receive or review such Discovery solely for the limited purpose of this Action, and not for any business, commercial or other purpose, unless otherwise ordered by the Court.

3.     (a)     Access to Confidential Information shall be limited to the following

categories of persons: (i) counsel for the parties, (ii) Plaintiff and Defendants, (iii) said counsels' paralegals, investigator, secretarial and clerical staff, (iv) persons engaged in preparing transcripts of testimony of hearings in this Action, (v) the Judge presiding over this Action (and jury if applicable), and (vi) any expert engaged by Defendants and/or Plaintiff to assist with this matter. Court stenographers in this case should also agree in writing to be bound by this order.

(b)     Whenever Defendants and/or Plaintiff wish to provide a person other than those designated in subsection (a) above with access to Discovery, counsel for Defendants and/or Plaintiff must identify in writing the person for whom authorization is sought to opposing counsel at least (5) business days prior to disclosing any Discovery to such person. Such written identification shall be accomplished by notifying all counsel in writing of the person's name, address, place of employment, employment history. Notification of identity shall be by facsimile or overnight mail to counsel for Defendants and/or Plaintiff. No Discovery of Defendants and/or Plaintiff shall be disclosed to such person until (i) Defendants and/or Plaintiff has had an opportunity to object as described in paragraph 4 below; (ii) any dispute that may arise over authorizing such person to receive Discovery has been resolved in accordance with paragraph 4 below; and (iii) written Acknowledgement in the form of Exhibit "A" attached hereto is executed and delivered to counsel for Defendants and/or Plaintiff within three (3) days after execution, acknowledging that such person has read and understands the terms of this Confidentiality Agreement and agrees to comply with and be bound by this

284111.1                                                                3

Confidentiality Agreement, unless or until modified by written agreement of the parties.

4.　　If Defendants and/or Plaintiff objects to authorizing a particular person to receive Discovery, Defendants and/or Plaintiff shall, within three (3) business days of receipt of the notification of identity and the personal information described in paragraph 3(b), provide written notification of such objection to counsel for Defendants and/or Plaintiff. Such written notification shall include a statement of the reasons for such objection and shall not be made arbitrarily or unreasonably. Failure to object within the aforementioned three (3) business days shall be deemed a waiver of objection, but shall not preclude any later objection to the particular person's continued access to Discovery where facts suggesting a basis for objection are subsequently learned by Defendants and/or Plaintiff, or their counsel. The parties acknowledge that the purpose of this paragraph is to protect their confidential and/or proprietary information, and not to put any of them in a position of being able to select one of the other party's experts. If a dispute arises regarding disclosure of the whole or any portion of any Discovery belonging to any party, the party objecting to such disclosure must demonstrate that the information sought to be protected cannot be adequately protected by the opposing party's expert's execution of the written Acknowledgement, the form of which is annexed hereto as Exhibit "A".

5.　　Anyone receiving Discovery hereunder shall not disclose such Discovery to any person to whom disclosure is not authorized by the terms of this Confidentiality Agreement.

284111.1　　　　　　　　　　　　　4

6.      All documents of any nature, including briefs, which contain Confidential Information which are filed with the Court shall be filed under seal in an envelope or other container marked with the title of the action, the title of the court filing which contains the Confidential Discovery Material, and a statement substantially in the following form:

### "CONFIDENTIAL"

**FILED PURSUANT TO A PROTECTIVE ORDER DATED OCTOBER __, 2005 IN CIV. NO. 05 CV 3849 (HB)**

**THIS ENVELOPE IS NOT TO BE OPENED NOR ARE THE CONTENTS THEREOF TO BE DISPLAYED OR REVEALED EXCEPT BY OR TO QUALIFIED PERSONS OR BY COURT ORDER.**

7.      Should any Confidential Information be disclosed, through inadvertence or otherwise, to any person or party not authorized under this order, then, in additional to any penalties for violation of this order to which the disclosing party maybe subject, the disclosing party shall use its best efforts to bind such unauthorized person to the terms of this order; and the disclosing party shall: (a) promptly inform such person of all the provisions of this order; (b) immediately advise the producing party of the identity of Confidential Information so disclosed and the identity of the person(s) to whom it was disclosed; (c) request such person to agree in writing not to disclose the information; and (d) use good faith efforts to retrieve all copies of documents and things containing the inadvertently disclosed information. The executed undertaking shall be served promptly

upon the producing party.

8.      This Confidentiality Agreement shall not be construed to prevent any party, subject to the procedures set forth in this Confidentiality Agreement, from offering Discovery into evidence at the trial or in connection with any motions, but any party may apply to the Judge for a mechanism to maintain the confidentiality of Discovery.

9.      Neither the taking of any action in accordance with the provisions of this Confidentiality Agreement, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this Action. Moreover, this Confidentiality Agreement shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery.

10.     The Confidentiality Agreement shall extend beyond the final conclusion of this Action, and shall remain in full force and effect unless and until modified, superseded, or terminated by the parties in writing.

11.     Within ninety (90) days of the final decision in or settlement and dismissal of this Action, or a determination of any Appeal, the parties and their counsel shall return all Discovery to opposing counsel except that counsel for the parties shall be entitled to retain litigation papers, transcripts and attorney work products (including portions of any such papers that contain or discuss Discovery), and hearing exhibits providing that such counsel and employees of such counsel shall not disclose such papers or attorney work products to any person except pursuant to court order or approval by opposing counsel.

12.    This order is without prejudice to the right of either party to seek greater protection of discovery material beyond the scope of this order.

13.    This Agreement may be signed in separate counterparts and transmitted by facsimile transmission, each of which when executed and delivered shall be the original, and all of said counterparts taken together shall be deemed to constitute one and the same instrument.

Dated: October ____, 2005

Goodkind Labaton Rodoff & Sucharow LLP.

By: _____
    Joseph H. Einstein  (JE-9872)
    Counsel for Plaintiff JAY HOGE

Dated: October ____, 2005

Gusrae Kaplan Bruno & Nusbaum PLLC

By: _____
    Cirino Bruno (CB-1192)
    Counsel for Defendant
    HARBOR CONSULTANTS LTD.

Sealed documents may be unsealed, upon notice to the parties, pursuant to further order of the Court.

SO ORDERED:

_____
Hon. Harold Baer, Jr. U.S.D.J.

Date: __10__ __21__ __05__

284111.1

Healy & Baillie LLP

By: _____
    Alan Trachtman (AT-2742)
    Counsel for Defendant
    LAIDLAW & CO. (UK), LTD.

7

1?.     This order is without prejudice to the right of either party to seek greater protection of discovery material beyond the scope of this order.

1?     This Agreement may be signed in separate counterparts and transmitted by facsimile transmission, each of which when executed and delivered shall be the original, and all of said counterparts taken together shall be deemed to constitute one and the same instrument.

Dated:  October _____, 2005

Goodkind Labaton Rodoff & Sucharow LLP

By:_____
    Joseph H. Einstein  (JE-9372)
    Counsel for Plaintiff JAY HOGE

Dated:  October _10th_, 2005

Gusrae Kaplan Bruno & Nussbaum PLLC

By:_____
    Cirino Bruno (CB-1192)
    Counsel for Defendant
    HARBOR CONSULTANTS LTD.

Sealed documents may be unsealed, upon notice to the parties, pursuant to further order of the Court.

SO ORDERED:

_____
Hon. Harold Baer, Jr., U.S.D.J.

Date: _10/21/05_

284111.1

Healy & Baillie LLP

By:_____
    Alan Trachtman (AT-2742)
    Counsel for Defendant
    LAIDLAW & CO. (UK), LTD.

7

12.    This order is without prejudice to the right of either party to seek greater protection of discovery material beyond the scope of this order.

13.    This Agreement may be signed in separate counterparts and transmitted by facsimile transmission, each of which when executed and delivered shall be the original, and all of said counterparts taken together shall be deemed to constitute one and the same instrument.

Dated:   October ____, 2005          Goodkind Labaton Rodoff & Sucharow LLP

By:_____
    Joseph H. Einstein  (JE-9872)
    Counsel for Plaintiff JAY HOGE

Dated:   October ____, 2005          Gusrae Kaplan Bruno & Nusbaum PLLC

By:_____
    Cirino Bruno (CB-1192)
    Counsel for Defendant
    HARBOR CONSULTANTS LTD.

Sealed documents may be unsealed upon notice to the parties, pursuant to further order of the Court.
Dated:   October ____, 2005
SO ORDERED:

Hon. Harold Baer, Jr., U.S.D.J.

Date: _____

Healy & Baillie LLP

By:_____
    Alan Trachtman (AT-2742)
    Counsel for Defendant
    LAIDLAW & CO. (UK), LTD.

7

284111.1

Dated: October __10__, 2005

Kuzman   Eisenberg   Corbin   Lever   &
Goodman LLP

By:_____
   Martin Russo (MR-4134)
   Counsel for Defendants
   STEVEN SANDS and
   MARTIN SANDS



SO ORDERED

_____
        U.S.D.I.

Sealed documents may be unsealed, upon notice to
the parties, pursuant to further order of the Court.

SO ORDERED:

_____
Hon. Harold Baer, Jr., U.S.D.J.

Date:

284111.1

8

Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------- x

JAY HOGE,                                        :
                                                 :
                        Plaintiff,               :       Case No.: 18 MS 302
                                                 :
         - against -                             :
                                                 :
SANDS BROTHERS & CO., LTD AND                    :
STEPHEN SOLER,                                   :
                                                 :
                        Defendants.              :

-------------------------------------------------------------------------- x

## **CONFIDENTIALITY AGREEMENT**

WHEREAS, Plaintiff obtained a Judgment entered on November 14, 2004 in the United

States District Court for the Central District of California against defendant Sands Brothers & Co.,

Ltd. in the sum of $2,855,000 and against defendants Sands Brothers & Co., Ltd. and Stephen Soler,

jointly and severally, in the sum of $311,000 (the "Judgment"), and

WHEREAS, the Judgment was entered in the United States District Court for the Southern

District of New York on November 19, 2004 in the captioned-proceeding; and

WHEREAS, plaintiff has undertaken certain supplemental proceedings to enforce the

Judgment including, but not limited to, the service of information subpoenas and subpoenas duces

tecum upon defendants and certain entities which the Plaintiff alleges are relevant; and

WHEREAS, it may be necessary or desirable to reveal confidential and/or proprietary

documents and/or information of Defendants (as hereinafter defined) and/or Plaintiff ("Confidential

Information") during the course of such supplemental proceedings or in a subsequent action or

proceeding brought to recover upon or collect the Judgment from Defendants or related or unrelated third-parties (hereinafter collectively "Collection Proceedings"); and

WHEREAS, the parties wish to protect against the disclosure and dissemination of Confidential Information to unauthorized third parties or the public at large and to prevent the use thereof for any purpose unrelated to the Collection Proceedings; and

WHEREAS, this Confidentiality Agreement ("Confidentiality Agreement") is voluntarily entered into by and among (a) Plaintiff and (b) Sands Brothers & Co., Ltd, Stephen Soler, and the various persons and/or entities set forth in Schedule A which is annexed hereto (hereinafter collectively "Defendants");

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, as follows:

1.     This Confidentiality Agreement covers the production and use of Confidential Information provided during the course of Collection Proceedings and thereafter.

2.     Documents and information produced in the course of Collection Proceedings (either formally or informally) by Defendants and/or Plaintiff which is deemed to be Confidential Information shall be designated as such in writing and/or by stamping the documents confidential by the party providing such information. No information shall be deemed to be or treated as Confidential Information unless and until it is so designated.

3.     Confidential Information shall be retained by the parties' respective counsel and, except with express written agreement of counsel that provided the Confidential Information, shall not be used or disclosed except as provided in this Confidentiality Agreement.

4.     Confidential Information shall be used solely in connection with Collection Proceedings.

2

5.     Access to such Confidential Information shall be limited to the following categories of persons: (a) counsel for the parties, (b) said counsels' paralegals, secretarial, and clerical staff, (c) Plaintiff and Defendants, (d) persons engaged in preparing transcripts of testimony of depositions, hearings, or trials of Collection Proceedings, (e) the Judge presiding over Collection Proceedings, his or her staff, and the jury, if applicable, (f) court personnel who receive and file papers in a Collection Proceeding, and (g) any accountant, expert, or advisor (and persons employed or others utilized by them) engaged by Defendants and/or Plaintiff to assist with a Collection Proceeding.

6.     Whenever Defendants and/or Plaintiff wish to provide a person other than those designated in Section 5 above with access to Confidential Information, counsel for Defendants and/or Plaintiff must identify in writing the person for whom authorization is sought to opposing counsel at least five (5) business days prior to disclosing any Confidential Information to such person. Such written identification shall be accomplished by notifying all counsel in writing of the person's name, address, place of employment, and employment history. Notification shall be by facsimile or overnight mail to counsel for Defendants and/or Plaintiff. Following notification, counsel for Defendants and/or Plaintiff shall have three (3) business days within which to object to such person receiving Confidential Information, but any objection shall not be made arbitrarily or unreasonably. Such written notification shall include a statement of the reasons for such objection. Failure to object within the aforementioned three (3) business days shall be deemed a waiver of objection, but shall not preclude any later objection to the particular person's continued access to Confidential Information where facts suggesting a basis for objection are subsequently learned by Defendants and/or Plaintiff, or their counsel The parties acknowledge that the purpose of this paragraph is to protect their Confidential Information, and not to put any

of them in a position of being able to select one of the other party's experts. If a dispute arises regarding disclosure of the whole or any portion of any Confidential Information belonging to any party, the party objecting to such disclosure must demonstrate that the information sought to be protected cannot be adequately protected by compliance with paragraph 8. No Confidential Information shall be disclosed to such person until (a) Defendants and/or Plaintiff has had an opportunity to object and (b) any dispute that may arise over authorizing such person to receive Confidential Information has been resolved in accordance with paragraph 7 below.

7.     Any dispute under Section 6 of this Agreement may be resolved by the Court in the captioned matter or any Court in which a Collection Proceeding is pending.

8.     Prior to any person or entity specified in Sections 5(g being furnished with such Confidential Information, such person or entity shall be advised of the terms of this Confidentiality Agreement and shall execute and deliver to counsel for the party providing such Confidential Information to such person an acknowledgement that such person or entity has been provided with a copy of this Confidentiality Agreement and agrees to be bound by its terms and conditions.

9.     Except as required by law or legal process, or to obtain tax or legal advice, anyone receiving Confidential Information hereunder shall not disclose Confidential Information to any person to whom disclosure is not authorized by the terms of this Confidentiality Agreement.

10.     This Confidentiality Agreement shall not be construed to prevent any party, subject to the procedures set forth in this Confidentiality Agreement, from using Confidential Information in a Collection Proceeding including but not limited to, use (either as exhibits or by reference to facts contained therein, or both) in pleadings, affidavits, memoranda of law,

4

depositions, and at trial. Any party may apply to the Judge for a mechanism to maintain the confidentiality of said Confidential Information.

11. Any party may move in this Court or in any Court in which a Collection Proceeding is pending for an Order vacating, modifying, or extending any designation of information as Confidential Information, or for any other appropriate relief with respect to enforcing, modifying, or terminating this Confidentiality Agreement.

12. Neither the taking of any action in accordance with the provisions of this Confidentiality Agreement, nor the failure to object thereto, shall be construed as a waiver of any right, claim, or defense in any Collection Proceeding. Moreover, failure to designate materials as Confidential Information in accordance with this Confidentiality Agreement and failure to object to a designation at a given time, shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. This Confidentiality Agreement shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery other than on the ground that it is confidential.

13. This Confidentiality Agreement shall extend beyond the final conclusion of this Action, and shall remain in full force and effect unless and until modified, superseded, or terminated by the parties in writing.

14. Within ninety (90) days of the final decision (including all appeals) of all Collection Proceedings and payment of all sums due on the Judgment or as a result of a settlement which results in a satisfaction of the Judgment, the parties and their counsel shall return all Confidential Information to the party who supplied it except that counsel for the parties shall be entitled to retain litigation papers including, but not limited to, transcripts, attorney work products (including portions of any such papers that contain or discuss Confidential

5

Information), deposition or trial transcripts, affidavits, and exhibits, providing that such counsel

and employees of such counsel shall not disclose such papers or attorney work products to any

person except pursuant to court order or approval by opposing counsel.

15. This Confidentiality Agreement may be signed in counterparts and by facsimile.

Dated: January   2005            Gusrae Kaplan Bruno & Nusbaum, PLLC
                                               Attorneys for Defendants and
                                               Persons and Entities listed on Schedule A.

By: ___ʃ|_____

                                                Cirino M. Bruno (CM –1192)
                                               120 Wall Street
                                                 New York, New York 10005-3977
                                               (212) 269-1400

Dated: January   2005            Goodkind Labaton Rudoff & Sucharow LLP
                                                 Attorneys for Plaintiff

By: __ʃ|_____

                                               Joseph H. Einstein (JE-9872)
                                               100 Park Avenue
                                                 New York, New York 10017
                                               (212) 907-0700

6

## SCHEDULE A

(1)     Sands Brothers International, Ltd.

(2)     Sands Brothers Venture Capital LLC

(3)     Marc S. Koplik

(4)     SB Opportunity Technology Management Offshore LLC

(5)     Sands Brothers Venture Capital (IV) LLC.

(6)     Sands Brothers Asset Management Inc.

(7)     Select Access III LLC

(8)     Sands Brothers Group LLC

(9)     Sands Brothers Venture Capital II LLC

(10)    Scout Associates LLC

(11)    Sands Brothers Venture Capital III LLC

Exhibit C

# Labaton
# Sucharow

JOSEPH H. EINSTEIN

Direct Dial: (212) 907-0843
Direct Fax: (212) 883-7043
jeinstein@labaton.com

March 2, 2006

Cirino M. Bruno, Esq.
Gusrae Kaplan Bruno & Nusbaum, PLLC
120 Wall Street
New York, New York 10005-3977

Alan C. Trachtman, Esq.
Healy & Baillie, LLP
61 Broadway
New York, New York 10006-2834

Martin P. Russo, Esq.
Kuzman Eisenberg Corbin Lever
  & Goodman, LLP
675 Third Avenue, 18th Fl.
New York, New York 10017

      RE:    Hoge v. Harbor Consultants Ltd., et al.
                Case No.: 05CV3849  (the "Action")

Gentlemen:

      This letter, when duly signed by counsel and the parties, will set forth the terms and
conditions of the settlement of the captioned action.



Cirino M. Bruno, Esq.
Alan C. Trachtman, Esq.
Martin P. Russo, Esq.
March 2, 2006
Page 4

9.    This agreement and all related documents and its terms shall be treated by all parties as confidential and shall not be revealed except for legal or tax advice, or pursuant to legal process. Prompt notice of any disclosure pursuant to legal process shall be provided to all other parties, with as much advance notice as is reasonably practicable. The Confidentiality Agreement entered into in connection with the Supplemental Proceeding and the Confidentiality Agreement as So Ordered by the Court in the Action shall remain in full force and effect. Unless the Action is recommenced, and subject to any outstanding subpoena, court order, or other legal process, within 60 days after release of the escrow funds to Hoge, plaintiff and its counsel shall destroy all documents received by them in discovery in the Supplemental Proceeding and the Action.  The provisions of this paragraph also shall apply to the firm of Aidikoff, Uhl & Bakhtiari.



15.    This letter agreement may be executed in counterparts and by facsimile.

Sincerely,

Labaton Sucharow & Rudoff LLP
Attorneys for Jay Hoge

By: _____
Joseph H. Einstein

**Labaton
Sucharow**

Cirino M. Bruno, Esq.
Alan C. Trachtman, Esq.
Martin P. Russo, Esq.
March 2, 2006
Page 5


AGREED TO:

Gustae Kaplan Bruno & Nusbaum, PLLC
Attorneys for Harbor Consultants, Ltd.
and Stephen Soler

By: _____
          Cirino M. Bruno, Esq.
120 Wall Street
New York, NY 10005-3977
212-269-1400


Healy & Baillie, LLP
Attorneys for Laidlaw & Co. (UK) Ltd.


By: _____
          Alan C. Trachtman, Esq.
61 Broadway
New York, NY 10006-2834
212-943-7980


Kuzman Eisenberg Corbin Lever
  & Goodman, LLP
Attorneys for Steven Sands and Martin Sands

By: _____
          Martin P. Russo, Esq.
675 Third Avenue
New York, NY 10017
212-661-2150


**Labaton
Sucharow**

Cirino M. Bruno, Esq.
Alan C. Trachtman, Esq.
Martin P. Russo, Esq.
March 2, 2006
Page 5


AGREED TO:

Gustae Kaplan Bruno & Nusbaum, PLLC
Attorneys for Harbor Consultants, Ltd.
and Stephen Soler


By: _____
        Cirino M. Bruno, Esq.
120 Wall Street
New York, NY 10005-3977
212-269-1400


Healy & Baillie, LLP
Attorneys for Laidlaw & Co. (UK) Ltd.

By: _____
        Alan C. Trachtman, Esq.
61 Broadway
New York, NY 10006-2834
212-943-7980


Kuzman Eisenberg Corbin Lever
  & Goodman, LLP
Attorneys for Steven Sands and Martin Sands


By: _____
        Martin P. Russo, Esq.
675 Third Avenue
New York, NY 10017
212-661-2150


**Labaton
Sucharow**

Cirino M. Bruno, Esq.
Alan C. Trachtman, Esq.
Martin P. Russo, Esq.
March 2, 2006
Page 6


Jay Hoge

Harbor Consultants Ltd., formerly
known as Sand Brothers & Co. Ltd.


By: _____
    Name:
    Title:


Laidlaw & Co. (UK), Ltd., formerly
known as Sands Brothers International Ltd.


By: _____
    Name:
    Title:


_____
    Steven Sands


_____
    Martin Sands


_____
    Stephen Soler


**Labaton
Sucharow**

Cirino M. Bruno, Esq.
Alan C. Trachtman, Esq.
Martin P. Russo, Esq.
March 2, 2006
Page 7


Agreed to as to paragraph 9
Aidikoff, Uhl & Bakhtiari,

By_____
   Name:  Ryan K. Bakhtiari
   Title:  Partner


JHE/bs

**Labaton
Sucharow**

MAR-06-2006  13:55       KECLG. LLP ***NY***           212 949 6131    P.07

Chiao M. Bruno, Esq.
Alan C. Teachmann, Esq.
Martin F. Russo, Esq.
March 2, 2006
Page 6

Jay Hoge

Harbor Consultants Ltd., formerly
known as Sand Brothers & Co. Ltd.

By: _____

Name: _____ ROGER BENDELAC

Title: _____ PRESIDENT

Laidlaw & Co. (UK), Ltd., formerly
known as Sands Brothers International Ltd.

By: _____

Name: ROGER Bargheniran

Title: PRES'DENT

_____
Steven Reede

_____
Martin Sands

_____
Stephen Soles

**Labaton**
**Sucharow**

Cirino M. Bruno, Esq.
Alan C. Trachtman, Esq.
Martin P. Russo, Esq.
March 2, 2006
Page 6


_____
    Jay Hogt


Harbor Consultants Ltd., formerly
known as Sand Brothers & Co. Ltd.


By: _____
      Name:
      Title:


Laidlaw & Co. (UK), Ltd., formerly
known as Sands Brothers International Ltd.


By: _____
      Name:
      Title:


_____
    Steven Sands


_____
    Martin Sands


_____
    Stephen Soler


# Labaton
# Sucharow

PAGE 02/05
03/07/2006  10:30  12128094147        G K B & N PLLC
MAR-06-2006  14:43    KECLG, LLP ***NY***        212 949 6131   P.02

# KURZMAN EISENBERG CORBIN LEVER & GOODMAN, LLP

### ATTORNEYS AT LAW

ONE NORTH BROADWAY
WHITE PLAINS, NY 10601
TEL: (914) 285-9800
FAX: (914) 285-9855

OTHER LOCATIONS:
FORT LAUDERDALE, FLORIDA
LONDON, ENGLAND
GENEVA, SWITZERLAND

675 THIRD AVENUE 18TH FLOOR
NEW YORK, NEW YORK 10017

TEL: (212) 661-2150
FAX: (212) 949-6131

MARTIN P. RUSSO, P.C.
Partner
mrusso@kelegy.com

March 6, 2006

**By Facsimile**

Alan C. Trachtman
Healy & Baillie, LLP
61 Broadway
New York NY 10006-2834

Cirino Bruno
Gusrae Kaplan & Bruno, PLLC
120 Wall Street
New York NY 10005

Joseph H. Einstein
Goodkind Labaton Rudoff & Sucharow LLP
100 Park Avenue
New York, NY 10017

Phil Aidekoff
Aidikoff, Uhl & Bakhtiari
74770 U.S. Highway 11 #201
Indian Well, CA 92210-7127

      Re:    Hoge v. Harbor Consultants Ltd., et al.
              Case No.: 05CV3849

Gentlemen:

      I write to confirm our discussion clarifying terms contained in the letter agreement, dated March 2, 2006 between the parties.



KURZMAN EISENBERG CORBIN LEVER & GOODMAN, LLP
Alan Trachtman
Cirino Bruno
Joseph Einstein
March 6, 2006
Page 2

Finally, with respect to Item 9, it is agreed that reasonable advance notice shall not be less than five (5) days, unless otherwise required by Court Order, in which case notice shall be given as soon as possible, and prior to delivery. It further is agreed that Plaintiff and his counsel shall make available for pick up by defendants (at their expense) all documents received by them in discovery in the Supplemental Proceeding and the Action on the 91st day after Plaintiff's counsel receives the funds described in Item 1 of the letter agreement ▬▬▬▬▬▬▬.

Please indicate your agreement by signing below and returning this letter to me by facsimile.

Sincerely,

Martin P. Russo

Acknowledged and Agreed to:

Healy & Baille, LLP
Attorneys for Laidlaw & Co. (UK) Ltd.

By: _____
     Alan C. Trachtman
     61 Broadway
     New York NY 10006-2834
     212-943-7980

Gusrae Kaplan Bruno & Nusbaum, PLLC
Attorneys for Harbor Consultants, Ltd.
And Stephen Soler

By: _____
     Cirino M. Bruno
     120 Wall Street
     New York, New York 10005-3977
     212-269-1400

KURZMAN EISENBERG CORBIN LEVER & GOODMAN, LLP
  Alan Trachtman
  Cirino Bruno
  Joseph Einstein
  March 6, 2006
  Page 2

   Finally, with respect to Item 9, it is agreed that reasonable advance notice shall
not be less than five (5) days, unless otherwise required by Court Order, in which case
notice shall be given as soon as possible, and prior to delivery. It further is agreed that
Plaintiff and his counsel shall make available for pick up by defendants (at their expense)
all documents received by them in discovery in the Supplemental Proceeding and the
Action on the 91st day after Plaintiff's counsel receives the funds described in Item 1 of
the letter agreement (i.e., $425,000).

   Please indicate your agreement by signing below and returning this letter to me by
facsimile.

             Sincerely,

             Martin P. Russo

Acknowledged and Agreed to:

Healy & Baille, LLP
Attorneys for Laidlaw & Co. (UK) Ltd.

By: _____
  Alan C. Trachtman
  61 Broadway
  New York NY 10006-2834
  212-943-7980

Gusrae Kaplan Bruno & Nusbaum, PLLC
Attorneys for Harbor Consultants, Ltd.
And Stephen Soler

By: _____
  Cirino M. Bruno
  120 Wall Street
  New York, New York 10005-3977
  212-269-1400

KURZMAN EISENBERG CORBIN LEVER & GOODMAN, LLP
Alan Trachtman
Cirino Bruno
Joseph Einstein
March 6, 2006
Page 3

Labaton Sucharow & Rudoff LLP
Attorneys for Jay Hoge

By: _____
Joseph H. Einstein
Goodkind Labaton Rudoff & Sucharow LLP
100 Park Avenue
New York, NY 10017
212-907-0843

Aidikoff, Uhl & Bakhtiari

By: _____
Phil Aidekoff
74770 U.S. Highway 11 #201
Indian Well, CA 92210-7127
760-323-8801

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x

MICHAEL KAGAN and IRIS KAGAN,                    :       05 CV 8889 (PAC)
                                                 :
                        Plaintiff,               :
                                                 :
        - against -                              :       **AFFIDAVIT OF SERVICE**
                                                 :
SANDS BROTHERS & CO., LTD.,                      :
                                                 :
                        Defendant.               :
-------------------------------------------------------- x

STATE OF NEW YORK      )
                       )  ss.:
COUNTY OF NEW YORK     )

BHUVAN SHORI, being duly sworn, deposes and says:

1. I am not a party to the action, am over 18 years of age and reside in Jersey City, New Jersey.

2. On April 5, 2006, I served the within Objections to Subpoena upon:

   a. Bruce A. Schoenberg, 420 Lexington Ave., New York, NY 10170, (212) 986-4888;

   b. David Cohen, 575 Madison Ave., New York, NY 10022, (212) 665-0404;

   c. Cirino M. Bruno, Esq., Gusrae Kaplan Bruno & Nusbaum, PLLC, 120 Wall Street, New York, NY 10005-3977, (212) 269-1400;

   d. Alan C. Trachtman, Esq., Healy & Baillie, LLP, 61 Broadway, New York, NY 10006-2834, (212) 709-9251; and

   e. Martin P. Russo, Esq., Kuzman Eisenberg Corbin Lever & Goodman, LLP, 675 Third Avenue, 18th Fl., New York, NY 10017, (914) 285-9800

by depositing a true copy of the same in a post-paid, properly addressed Certified Mail wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                                        Bhuvan Shori

Sworn to before me this
5th day of April, 2006.


        Notary Public

                                JOSEPH H. EINSTEIN
                        NOTARY PUBLIC, State of New York
                                No. 02EI1091825
                        Qualified in Westchester County
                        Commission Expires April 30, 20 2

645389 v1